IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BILLY RION,

    Plaintiff,

v.                                                                     No. CIV 11-0269 JB/CEG

BERNALILLO COUNTY SHERIFFS:
A. MEDRANO #3566, D. HIX #3759,
SHARP #3657, ERB #3642,
T. JAMES, TWO (2) UNNAMED MDC NURSES,
OFFICER LANGHI, OFFICER C. LINEHAM,
JOHN SUGGS (D.A.), ROBERT HEDRICK (P.D. DEPT.),

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, sua sponte under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff Billy Rion's Civil Rights Complaint, filed March 28, 2011 (Doc. 1)("Complaint"), and on his Addendum to Original Complaint, filed July 6, 2011 (Doc. 11), construed herein as a supplemental pleading. Rion is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons below, the Court will quash the order to show cause (Doc. 8) and dismiss certain of Rion's claims.

The Court has the discretion to dismiss an in forma pauperis complaint sua sponte under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint sua sponte under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(quoting McKinney v. Oklahoma Dep't of Human

Services, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In reviewing Rion's pro se Complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations.  See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The Complaint alleges that certain Defendants used excessive force and injured Rion when they arrested him, stole money from him, damaged his car, planted drugs in his car and on his person, filed false reports about the events, and denied him necessary medical treatment.  In his Addendum, Rion alleges that his civil rights were violated in his state criminal prosecution, and he names a state prosecutor and a public defender as additional Defendants.  In his Memorandum in Support of Prisoners [sic] Complaint, filed April 7, 2011 (Doc. 6), he asserts that the Defendants' actions violated a number of constitutional provisions.  For relief, the Complaint seeks damages, dismissal of state criminal charges against Rion, and initiation of disciplinary action against the attorneys.

No relief is available on Rion's allegations against Defendants John Suggs (D.A.) and Robert Hedrick (P.D. Dept.).  First, as to the prosecutor Suggs, the Supreme Court of the United States held that, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."  Imbler v. Pachtman, 424 U.S. 409, 431 (1976).  See Dopp v. Rask, 91 F. App'x 79, 80-81 (10th Cir. 2004).  Rion's allegations against Defendants Suggs (D.A.) fall squarely within this prosecutorial immunity rule.

Nor do Rion's allegations state claims under § 1983 against his former attorney.  A § 1983 complaint must allege facts demonstrating the two elements of the statute: that a federal right was violated and that the deprivation was caused by a person acting "under color of state law."  See

Gomez v. Toledo, 446 U.S. 635, 640 (1980); Houston v. Reich, 932 F.2d 883, 890 (10th Cir. 1991). In the absence of a factual basis for either element, a complaint does not state a claim under § 1983. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988)("To state a claim under § 1983, a plaintiff . . . must show that the alleged deprivation was committed by a person acting under color of state law.").

Rion's Complaint does not allege that Defendant Hedrick was acting under color of state law. Case law is clear that, absent a conspiracy, a public defender undertaking a defense does not act under color of state law for purposes of § 1983. See Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981); Harris v. Champion, 51 F.3d 901, 909-10 (10th Cir. 1995). Here, Rion's allegations of testimonial inconsistencies and his inability to obtain certain documents do not support a claim of conspiracy between the prosecution and the defense. See O'Connor v. St. John's College, 290 F. App'x 137, 141 (10th Cir. 2008)(noting requirement of "some degree of specificity" in conspiracy claim)(citation omitted). Because Hedrick was not acting under color of state law in defending a criminal case, the Complaint does not state a claim under § 1983 against him. The Court will dismiss Rion's federal claims against Suggs and Hedrick. But cf. Styskal v. Weld Cnty. Bd. of Cnty. Comm'rs, 365 F.3d 855, 859 (10th Cir. 2004)(rejecting assertion that federal court's dismissal of claims with prejudice precludes litigation in state court).

The Court may not grant relief in this civil rights action on Rion's claim for dismissal of state criminal charges.

> Section 1983 authorizes a "suit in equity, or other proper proceeding for redress" against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution." . . . Despite its literal applicability, however, § 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence. Such claims fall within the "core" of habeas corpus and are thus not cognizable when brought pursuant to § 1983.

Nelson v. Campbell, 541 U.S. 637, 643 (2004)(citing 42 U.S.C. § 1983 and Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)). Under the rule stated in Nelson v. Campbell, Rion may not seek dismissal of criminal charges in this § 1983 action, and the Court will dismiss this claim without prejudice to his rights under the habeas corpus statutes.

Lastly, Rion will be allowed a reasonable amount of time to name the unidentified Defendants for service of process. Failure to identify the unnamed Defendants may result in dismissal of claims against them.

**IT IS ORDERED** that the order to show cause (Doc. 8) is quashed; Plaintiff Billy Rion's claims against Defendants Jonh Sugg (D.A.) and Robert Hedrick (P.D. Dept.) are dismissed with prejudice; Rion's Addendum (Doc. 11), construed herein as a supplemental complaint, is dismissed with prejudice; the claim for dismissal of state criminal charges is dismissed without prejudice to Rion pursuing his rights, if any, under the habeas corpus statutes; and the Clerk is directed to issue notice and waiver of service forms, with copies of the Civil Rights Complaint, filed March 28, 2011 (Doc. 1), and the Memorandum in Support of Prisoners [sic] Complaint, filed April 7, 2011 (Doc. 6), for Defendants A. Medrano, D. Hix, Sharp, Erb, T. James, Officer Langhi, and Officer C. Lineham.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Billy Rion
Lea County Correctional Facility
Hobbs, New Mexico

    *Plaintiff pro se*