**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

BILLY RION,

    Plaintiff,

v.                                                                No. CV 11-0269 JB/CG

BERNALILLO COUNTY SHERIFFS
A. MEDRANO, et al.,

    Defendants.

## ORDER DENYING MOTION TO APPOINT COUNSEL

**THIS MATTER** comes before the Court on Plaintiff Billy Rion's *Request for Appointment of Counsel*, (Doc. 16). Mr. Rion claims that the appointment of counsel is appropriate because he is incarcerated and lacks the means to identify the two unnamed nurses who have been identified as defendants in this case. (Doc. 16 at 1; *see also* Doc. 14 at 4 (*Memorandum Opinion and Order* by United States District Judge James Browning directing Mr. Rion "to name the unidentified Defendants for service of process. Failure to identify unnamed Defendants may result in dismissal of claims against them.")). Mr. Rion further states that he is indigent and that he has "lost all contacts with non-incarcerated persons" in his request for the appointment of counsel. (Doc. 16 at 1-2).

While there is no constitutional right to appointed counsel in a civil case, 28 U.S.C. § 1915(e)(1) provides that "[t]he court may request an attorney to represent any person unable to afford counsel." In considering a pro se litigant's request for appointed counsel, the Court considers several factors: (1) the merits of the litigant's claims, (2) the nature of

the factual issues raised in the complaint, (3) the litigant's ability to cogently present his claims, and (4) the complexity of the legal issues raised in the complaint. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). Finally, "[t]he burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.3d 836, 838 (10th Cir. 1985).

As noted in Judge Browning's *Memorandum Opinion and Order*, Plaintiff claims that several Defendants used excessive force in arresting him, stole his money, and planted drugs on him. (Doc. 14 at 2; Doc. 1 at 2, 4-7). He further claims that, upon being booked at the Metropolitan Detention Center on October 18, 2010, two female nurses refused to treat the injuries he suffered during his arrest, stating that "we don't give medical treatment just cause [sic] you got your ass kicked by the cops." (Doc. 1 at 5-6; *see also* Doc. 6 at 2).

It does not appear that the legal claims raised in the complaint are complex. It also appears that Mr. Rion is capable of presenting his claims since the complaint and the memorandum in support of the complaint provide a clear narrative regarding the assault and subsequent refusal to provide medical care. Moreover, at this early stage of the litigation, the Court is without sufficient information to judge the merits of Mr. Rion's claim. Therefore, the Court finds that Mr. Rion has not shown that the appointment of counsel is appropriate.

With regard to Mr. Rion's complaint that he is unable to ascertain the identity of the two MDC nurses who refused to treat him, the Court does not find that this alone merits the appointment of counsel. The Court will therefore **DENY** the motion without prejudice. The Court will consider ordering the named Defendants to identify all medical personnel

involved in processing Mr. Rion's arrival at the Metropolitan Detention Center on October 18, 2010.

**IT IS THEREFORE ORDERED** that Mr. Rion's *Request for Appointment of Counsel*, (Doc. 16), be **DENIED**.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE