# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

BILLY RION,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　　　No. CV 11-0269 JB/CG

BERNALILLO COUNTY SHERIFFS,
A. MEDRANO, et al.,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter comes before the Court on Plaintiff's *Motion to Proceed with Complaint as Filed*, (Doc. 32), and *Bernalillo County Defendants' Response to Plaintiff's Motion to Proceed with Complaint as Filed*, (Doc. 33). Plaintiff's motion concerns the status of three Defendants who have not yet been served in this case - Officer C. Linehan and two unnamed nurses at the Metropolitan Detention Center ("MDC"). Plaintiff claims that all three individuals should remain as named Defendants in this case. The Court, having considered the motion, the relevant law, and otherwise being fully advised in the premises, **RECOMMENDS** that the motion be **DENIED**. The Court **FURTHER RECOMMENDS** that the two unnamed MDC nurses be dismissed as Defendants in this action.

    **I.**　　**Officer Linehan**

Plaintiff has asserted claims against several Bernalillo County Sheriff's Department officers, including Officer Linehan. (Doc. 1 at 2). United States District Judge James O. Browning dismissed several of Plaintiff's claims and ordered the Clerk of the Court to issue copies of the complaint and waiver of service forms to the named Defendants. (Doc. 14 at

1-4). All Bernalillo County officers with the exception of Officer Linehan waived service and filed an Answer on September 30, 2011. (Doc. 20). Because Officer Linehan did not execute a waiver of service, this Court directed the United States Marshal to personally serve a copy of the complaint on Officer Linehan.[1] (Doc. 22). Christopher White, a deputy U.S. Marshal, attempted to serve Officer Linehan at three separate locations: the Bernalillo County Sheriff's Office, the County Clerk's Office at Albuquerque City Hall, and the Legal Division at Albuquerque City Hall. (Doc. 26 at 3). Deputy White was informed at all three locations that no 'Officer C. Linehan' worked at any of those locations. (*Id.*). It appears that the Marshal Service attempted to serve Officer Linehan in Albququerque because all of the individual Defendants who had previously waived service were members of the Bernalillo County Sheriff's Office located in Albuquerque. (Doc. 20 at 2). There was no indication in Plaintiff's filings that Officer Linehan was not a member of the Bernalillo County Sheriff's Office.

Following Deputy White's unsuccessful attempts to serve Officer Linehan, the Court reminded Plaintiff that it was his responsibility to provide the Court with an adress for Linehan and ordered Plaintiff to show cause within fourteen days why Linehan should not be dismissed from the case. (Doc. 27). Plaintiff did not respond to the Order to Show Cause and, on February 6, 2012, Judge Browning dismissed Plaintiff's claims against Linehan. (Doc. 30 at 1).

Plaintiff's current *Motion to Proceed* insists that Defendant Linehan not be dropped

---

[1] The Court's order misidentified the officer as "Defendant Lineham." (Doc. 22). Nevertheless, the notice of summons provided to the United States Marshal correctly identified the Defendant as "Officer C. Linehan." (Doc. 26 at 1-2).

from the suit because "she was the lead detective that day when I was assaulted and had many of my civil rights violated." (Doc. 32 at 2). However, he does not explain why he failed to respond to this Court's Order to Show Cause or why he failed to provide the Court with an address for Officer Linehan. The question for this Court is whether Plaintiff has provided any legal justification for his request to reverse Judge Browning's order of dismissal.

Judge Browning's order dismissing Plaintiff's claims against Officer Linehan operated as a adjudication on the merits with regard to that Defendant. *See* FED. R. CIV. P. 41(b) (stating that a dismissal for failure to comply with a court order operates "as an adjudication on the merits."). Plaintiff's *Motion to Proceed* should therefore be construed as a motion under FED. R. CIV. P. 59, which provides the sole mechanism for having a court alter or amend a final judgment. *Ysais v. Richardson*, 603 F.3d 1175, 1178 n.2 (10th Cir. 2010) ("A litigant seeking reconsideration [of a judgment on the merits] must file a motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e) . . .").[2] A Court may grant a Rule 59(e) motion for one of three reasons: an intervening change in the law; newly discovered evidence; or to correct clear error or prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "The court should not grant a Rule 59(e) [motion] if the movant only wants to present new arguments or supporting facts that could have been offered initially." *In Re Sun Healthcare Group, Inc.*, 214 F.R.D. 671, 674 (D.N.M. 2003) (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).

---

[2] A litigant may also seek post-judgment relief under Fed.R.Civ.P. 60(b). *Ysais*, 603 F.3d at 1178 n.2. The differences between Rule 59 and Rule 60 are largely procedural. *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir.1995). Plaintiff's *Motion to Proceed* must be construed under Rule 59, as opposed to Rule 60, because he filed his motion within 28 days of Judge Browning's order dismissing Defendant Linehan. Fed. R. Civ. P. 59(e).

The Court perceives no manifest injustice in Judge Browning's order dismissing Officer Linehan. The dismissal occurred only after Plaintiff ignored this Court's order reminding him of his responsibility to provide the Court with an address for Officer Linehan and ordering him to show cause why Linehan should not be dismissed. (Doc. 27). Neither has there been any change in the law regarding a plaintiff's responsibility to provide the court with a defendant's address so as to enable service by the Marshal. Therefore, Plaintiff must demonstrate that there is newly discovered evidence which warrants the reversal of Judge Browning's order. Under Rule 59(e), Plaintiff must show that "the evidence is newly discovered [and] if the evidence was available at the time of the decision being challenged, that [the moving party] made a diligent yet unsuccessful effort to discover the evidence." *Comm. for the First Amendment v. Campbell*, 962 F.3d 1517, 1523 (10th Cir. 1992).

In his *Motion to Proceed*, Plaintiff asserts that "last I heard, [Officer Linehan] was working patrol for the Los Lunas police department (pre-trial interview transcripts). At the time of the incident [giving rise to the complaint] she was with the Isleta police department working with the Rio Valley Narcotic Task Force." (Doc. 32 at 1-2). Plaintiff does not claim that he only recently discovered Officer Linehan's place of employment, nor does he explain why he could not have advised the Court of Officer Linehan's connection to Isleta or Los Lunas prior to Linehan's dismissal from the case.[3] In fact, the record suggests that he was aware of Officer Linehan's employment with the Isleta police department at the outset of the case. Within weeks of filing his complaint, Plaintiff filed a *Memorandum* stating

---

[3] Plaintiff's *Motion to Proceed* states that he wrote a letter to the U.S. Marshal after receiving notice that Officer Linehan could not be located or personally served, but he has not included a copy of the letter or explained what information, if any, he provided to the Marshal service. (Doc. 32 at 1).

that he was attacked by members of various law enforcement agencies, including the Isleta police department and the Rio Valley Task Narcotics Task Force. (Doc. 6 at 1-2, 4 (stating that he was attacked by members of the Bernalillo County Sheriff's Office, the Isleta Police Department, Albuquerque Police Department, and Rio Valley Narcotics Task Force)). Unfortunately, neither the *Memorandum* nor any other filing stated that Officer Linehan was a member of either the Isleta Police Department or the Rio Valley Task Force. Therefore, the U.S. Marshal had no reason to attempt service on Officer Linehan in Isleta.

In short, Plaintiff has presented no evidence to support a conclusion that he only recently discovered Officer Linehan's current place of employment. Nor has he explained why he ignored the Court's Order to Show Cause why Linehan should not be dismissed from the case. The Court therefore recommends that Plaintiff's *Motion to Proceed* be denied with respect to Officer Linehan.

**II.** **Unknown MDC Nurses**

Plaintiff claims that two unidentified female nurses at the Metropolitan Detention Center ("MDC") refused to provide necessary medical treatment when he entered that facility on October 18, 2010. (Doc. 1 at 5-6). In August of 2011, United States District Judge James O. Browning directed Plaintiff to provide the names of the unidentified nurses so that they could be served with process. (Doc. 14 at 4). Judge Browning warned that failure to identify the nurses might result in the dismissal of Plaintiff's claims against them. In order to assist Plaintiff in identifying the unnamed nurses, the Court ordered the Defendants to prepare a limited *Martinez* report naming all medical personnel assigned to treat and process inmates at the Metropolitan Detention Center on October 18, 2010. (Doc. 21 at 2-3). Defendants were also ordered to produce any medical documentation indicating who

treated Plaintiff upon his arrival at the MDC. (*Id.* at 3). Defendants were ordered to produce the materials by December 13, 2011, and Plaintiff was directed to "file a response indicating the identities of the unnamed nurses . . . no later than December 27, 2011." (*Id.*).

On December 13, 2011, Defendants filed their *Martinez* report, which included copies of Plaintiff's "medical history and screening" and "mental health screening" form. (Doc. 25 at 4-5). Both forms provided information regarding the identity of medical staff who were on duty at MDC and who assessed Plaintiff's medical needs upon his booking at MDC. (Doc. 25; Doc. 29). Plaintiff did not respond to the *Martinez* report and never made any representations regarding the identity of the unnamed nurses and the deadline established by the Court for doing so has long passed. After Plaintiff failed to comply with this Court's order to respond to the *Martinez* report, Judge Browning ordered Plaintiff to show cause why the two unnamed nurses should not be dismissed from the case. (Doc. 30 at 2).

Federal courts have often permitted Plaintiffs to list unnamed persons as defendants so long as the plaintiff has provided an "adequate description of some kind which is sufficient to identify the person involved so process eventually can be served." *Roper v. Grayson,* 81 F.3d 124, 126 (10th Cir. 1996) (citing *Billman v. Indiana Dep't of Corrs.*, 56 F.3d 785, 789 (7th Cir. 1995)). However, to avoid dismissal of the unnamed defendants, a plaintiff must provide a timely and adequate description of the defendant. *Roper*, 81 F.3d at 126 (holding that dismissal may be appropriate when unnamed defendants remain unidentified for a lengthy period of time); *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985) (Claims against unnamed defendants must be dismissed if plaintiff fails to take reasonable steps to learn and identify the unnamed parties); FED. R. CIV. P. 4(m) (providing for

dismissal without prejudice for failure to serve defendant in a timely fashion).

In this case, Plaintiff has not taken any reasonable steps to identify the unnamed MDC nurses. The Court has sought to assist Plaintiff by ordering Defendants to produce the names of all treating medical personnel at MDC on October 18, 2010. (Doc. 21 at 2-3). Defendants provided a number of names as well as copies of Plaintiff's medical intake forms. (Doc. 25 at 2-5; Doc. 29 at 1). Plaintiff ignored the Court's order to respond to these disclosures. In response to Judge Browning's Order to Show Cause, Plaintiff merely claims that the two nurses failed to provide medical treatment but he makes no attempt to identify them by name. (Doc. 32 at 2-3). The Court has given Plaintiff every opportunity to identify the MDC nurses and Plaintiff has consistently failed to do so. The Court therefore recommends that the two nurses be dismissed from this case.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's *Motion to Proceed with Complaint as Filed* be **DENIED**.

**IT IS FURTHER RECOMMENDED** that the two unnamed MDC nurses be **DISMISSED** as Defendants in this case.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE