**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

BILLY RION,

    Plaintiff,

v.                                                     No. CV 11-0269 JB/CG

BERNALILLO COUNTY SHERIFFS
A. MEDRANO, et al.,

    Defendants.

**ORDER FOR ADDITIONAL MARTINEZ REPORT**

    **THIS MATTER** comes before the Court, *sua sponte*, for an Order directing Defendants to provide an additional *Martinez* report. Plaintiff has asserted a complaint under 42 U.S.C. § 1983 claiming that Defendant police officers violated his constitutional rights when they arrested him on drug charges on October 18, 2010. (Doc. 1 at 2). He states that officers from the Bernalillo County Sheriff's Department, Albuquerque Police Department, and Isleta Police Department deliberately crashed their unmarked police vehicles into his car, chased him, and beat him once he had fled from the scene. (*Id.*; Doc. 6 at 1-2). He claims that he was not provided with medical treatment and that he continues to suffer from the injuries caused by the car collision and subsequent assault. (Doc. 1 at 2, 4-5). He claims that officers stole $500 from him while he was handcuffed and that they planted crack cocaine on him and in his vehicle. (Doc. 1 at 4-5, 7; Doc. 6 at 1-2). As relief, he requests that criminal charges against him be dropped,[1] that the Court find Defendants at fault, and order money damages. (Doc. 1 at 8).

---

[1] Plaintiff entered a plea of no contest to the charges in his criminal case; judgment was entered on August 20, 2012.

Defendants filed an answer explaining that they were all employees of the Bernalillo County Sheriff's Department. (Doc. 20 at 2). Defendants deny unlawfully assaulting Plaintiff, planting drugs, or stealing money from him. (*Id.* at 2-4). Defendants assert several affirmative defenses including, *inter alia*, that they are entitled to qualified immunity, that the actions described in Plaintiff's Complaint do not constitute a violation of Plaintiff's constitutional rights, and that the actions of Defendants were objectively reasonable.  (*Id.* at 7-8).

The purpose of a *Martinez* report is to "develop a record sufficient to ascertain whether there are any factual or legal bases for the prisoner's claims." *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th. Cir. 1991) (citing *Martinez v. Aaron*, 570 F.2d 317, 318-19 (10th Cir. 1978)). This Court may order a defendant to investigate the incident or incidents underlying a lawsuit and to submit a report in order to develop a factual or legal basis for determining whether Plaintiff has a meritorious claim. *See, e.g.*, *Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987).  A *Martinez* report may be used in a variety of contexts, including motions for summary judgment or a *sua ponte* entry of summary judgment. However, a genuine factual dispute exists even when "the plaintiff's factual allegations that are in conflict with the *Martinez* report are less specific or well-documented than those in the report."  *Hall*, 935 F.2d at 1109.   Thus, when a *Martinez* report is used for summary judgment purposes, the *pro se* Plaintiff must be afforded an opportunity to present conflicting evidence to controvert the facts set out in the report. *Id.*

Defendants were ordered to submit a Martinez report on May 30, 2012.  (Doc. 36).  This report was to include:

      copies of all records and documents pertaining to the arrest and purported assault and any subsequent medical treatment afforded to Plaintiff. Defendants shall also provide records and documents relating to the collection or confiscation of any property found on Plaintiff. Such records shall include any video or audio recordings of the arrest and search of Plaintiff as well as any medical treatment provided. (Doc. 36 at 2-3).

Defendants submitted a *Martinez* report on June 27, 2012, (Doc. 38), that included reports from the detectives and officers involved in the incident, records relating to the collection of evidence, medical history and screening forms from the Bernalillo County Metropolitan Detention Center, additional forms relating to Plaintiff's arrest and booking, and numerous black and white photographs of Plaintiff, the scene, and the cars involved. However, Defendants' *Martinez* report did not include Plaintiff's medical records from his subsequent period of incarceration. Additionally, the photographs of Plaintiff that were submitted do not sufficiently show Plaintiff's physical condition at the time of his arrest.

      Wherefore, to assist the Court in further evaluating Plaintiff's claims,

      **IT IS HEREBY ORDERED THAT:**

      1. Defendants shall prepare an additional *Martinez* report addressing the claims raised in Plaintiff's complaint and memorandum in support by:

            a.     Providing copies of all records pertaining to Plaintiff's medical treatment at the time of his arrest and any subsequent medical treatment he received while incarcerated;

            b.     Providing color copies of the photographs taken of Plaintiff at the time of his arrest, and any additional photographs that may be responsive to Plaintiff's claims;

    c.    Providing any additional records pertaining to the collection or confiscation of property found on Plaintiff at the time of his arrest that were not submitted in the *Martinez* report filed on June 27, 2012 (Doc. 38);

    d.    Providing affidavits in support of the report, if necessary.

2. The records and documents submitted with the report may be submitted simultaneously with the report, but the submission of documents alone, or documents submitted with an index but without an accompanying report, shall not be considered in compliance with this Order.

3. The Court is aware of the potential sensitivity of the materials that may be contained in police department files and that there may be valid reasons for keeping confidential some of the contents of such files. Therefore, Defendants may redact confidential portions of the report, or any records submitted with the report, provided that he also file a memorandum setting forth any objections he might have to Plaintiff being permitted to review the redacted portions of the report, records, or documents. If Defendants do not submit such a memorandum, Plaintiff shall be permitted to review the contents of the report and the records and documents submitted with the report. Defendants' memorandum, if any, shall be served on the Plaintiff, who shall have fourteen days after the date of service of the memorandum to file and serve a response to the memorandum. The Court will review the Defendants' memorandum, if any, and any responses filed by Plaintiff, to determine whether the redacted portions of the report, records, or documents should be disclosed to Plaintiff. If necessary, the

        Court will review the redacted portions of the report, records, or documents in camera before making its determination.

4. All records and documents submitted with the report must be submitted with an index. The index must identify each record and document submitted by number, and each record and document must be marked with a tab or label showing its number. Additionally, the report and each record and document submitted with the report must have its pages numbered using Bates stamps, or a similar numbering system.

5. Defendants shall file the *Martinez* report on or before October 29, 2012.

6. Plaintiff shall file and serve his response to the *Martinez* report on or before November 15, 2012,

7. Defendants shall file and serve his reply, if any, to Plaintiff's response on or before December 3, 2012.

**THE PARTIES ARE HEREBY GIVEN NOTICE** that the *Martinez* report may be used in deciding whether to grant summary judgment on Plaintiff's claims, whether by motion or *sua ponte*; as such, the parties should submit whatever materials they consider relevant to Plaintiff's claims.  *See Hall*, 935 F.2d at 1106.

 

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE