IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BILLY RION,

       Plaintiff,

vs.                                                                              No. CIV 11-0269 JB/CG

BERNALILLO COUNTY SHERIFFS: ANTHONY
MEDRANO, LANCE LONGHI, TODD JAMES,
CHRISTIAN ERB, BRODRICK SHARP, and
DONNIE HIX,

       Defendants.

## MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition, filed January 30, 2014 (Doc. 71)("PFRD"). In the PFRD, the Honorable Carmen E. Garza, United States Magistrate Judge, recommended that the Court dismiss all claims asserted against the Defendants Anthony Medrano, Donnie Hix, Broderick Sharp, Christian Erb, Todd James, and Lance Longhi in the Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed March 28, 2011 (Doc. 1), in the Addendum to Original Complaint and Request to Appoint Attorney, filed April 7, 2011 (Doc. 5), and in the Memorandum in Support of Prisoners Complaint, filed April 7, 2011 (Doc. 6), (together the "Complaint").

The Defendants timely filed the Defendants' Objections to Judge Carmen E. Garza's Proposed Findings and Recommended Disposition [Doc. 71], filed February 12, 2014 (Doc. 72)("Objections"); Plaintiff Billy Rion has not filed any objections, and the deadline of February 18, 2014, has passed. Rion has not responded to the Defendants' Objections. After a

de novo review of the record and the PFRD, the Court will adopt Judge Garza's PFRD in part and sustain one of the Defendants' objections.

## PROCEDURAL BACKGROUND

Rion brought various constitutional claims under 42 U.S.C. § 1983, and under "civil law including tort law," against the Defendants, both in their individual and official capacities. Complaint at 1, 2. These claims arise from events leading up to, and immediately following, Rion's arrest on October 18, 2010, in Albuquerque, New Mexico. Judge Garza construed the allegations as claims brought pursuant to 42 U.S.C. § 1983, conducted analysis of the underlying facts and constitutional claims, and dismissed all of the claims, either with or without prejudice. The Defendants object to the PFRD on the basis that the Court should dismiss all of the claims with prejudice. See Objections at 1.

**1.    Objections.**

After a magistrate judge files her recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. See Fed R. Civ. P. 72(b)(2). The Defendants' objections are primarily that, because "the Magistrate Court"[1] made credibility determinations in favor of the Defendants, "the Trial Court" must adopt all of Defendants' Requested Findings of Fact and dismiss all claims with prejudice.[2] See Objections

---

[1] The United States District Court for the United States District of New Mexico does not recognize the designations "Magistrate Court" or "Trial Court." The Court referred this case to Judge Garza to make findings of fact, as needed, and recommend dispositions. See Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals, Prisoner Cases, Non Prisoner Pro Se Cases and Immigration Habeas Corpus Proceedings, filed March 29, 2011 (Doc. 3) ("Order Referring Case"). The Federal Magistrates Act of 1968 as amended, 28 U.S.C. § 631-637, rules 72 and 73 of the Federal Rules of Civil Procedure, and the Local Rules of Civil Procedure, explain the roles of the District Judges and the Magistrate Judges in civil proceedings and prisoner litigation in the District of New Mexico.

[2] Defendants incorporated "Requested Findings of Fact" into a supplemental brief that Judge Garza ordered, and the Court will assume those are the findings of fact to which

at 1. Judge Garza conducted an evidentiary hearing on July 23, 2013,[3] and found Rion's testimony to be not credible with regard to his purported lack of medical treatment, and with regard to his allegations that Defendants Longhi and Sharp beat him when they arrested him. See PFRD at 18, 25. Judge Garza made no other credibility determinations.

## LAW REGARDING PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a magistrate judge for a recommended disposition. See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . ."). Rule 72(b)(2) governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Finally, when resolving objections to a magistrate judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1).

---

Defendants refer. See Defendants' Supplemental Memorandum at 5-7, filed October 25, 2013 (Doc. 65).

[3] The transcript of the proceeding was filed in the record as Transcript of Motions Hearing on October 7, 2013 (Doc. 63)("Tr.").

"'The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).  As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act, including judicial efficiency."  One Parcel, 73 F.3d at 1059.

The Tenth Circuit held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  One Parcel, 73 F.3d at 1060.  "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, have adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'"  One Parcel, 73 F.3d at 1059 (citations omitted).  In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996).  See United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").  In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate."  Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).[4]

---

[4]Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit has stated:

In One Parcel, the Tenth Circuit, in accord with other courts of appeals, expanded the waiver rule to cover objections that are timely but too general. See One Parcel, 73 F.3d at 1060. The Supreme Court of the United States -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings. The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report. See S. Rep. No. 94-625, pp. 9-10 (1976)(hereafter Senate Report); H. R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereafter House Report). There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate. Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates. Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or ruling on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time." See Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975)(emphasis added)(hereafter Senate Hearings). The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice. See id., at 11 ("If any objections come in, . . . I review [the record] and decide it. If no objections come in, I merely sign the magistrate's order."). The Judicial Conference of the United States, which supported the *de novo* standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report. See Senate Hearings, at 35, 37. Congress

---

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted). The Court finds that Pevehouse v. Scibana has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

- 5 -

> apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review. There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed. It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort. We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (emphasis in original)(footnotes omitted).

The Tenth Circuit also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations." (citations omitted)). Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard"). In One Parcel, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because it would advance the interests underlying the waiver rule. See 73 F.3d at 1060-61 (citing cases from other circuits where district courts elected to address merits despite potential application of waiver rule, but circuit courts opted to enforce waiver rule).

Where a party files timely and specific objections to the magistrate judge's proposed findings and recommendation, on "dispositive motions, the statute calls for a *de novo* determination, not a *de novo* hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980). "[I]n providing for a '*de novo* determination' rather than *de novo* hearing, Congress intended to

permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." United States v. Raddatz, 447 U.S. at 676 (quoting 28 U.S.C. § 636(b) and citing Mathews v. Weber, 423 U.S. 261, 275 (1976)). The Tenth Circuit requires a "district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation" when conducting a de novo review of a party's timely, specific objections to the magistrate's report. In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995). "When objections are made to the magistrate's factual findings based on conflicting testimony or evidence . . . the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing." Gee v. Estes, 829 F.2d 1005, 1008-09 (10th Cir. 1987).

A district court must "clearly indicate that it is conducting a de novo determination" when a party objects to the magistrate's report "based upon conflicting evidence or testimony." Gee v. Estes, 829 F.2d at 1009. On the other hand, a district court fails to meet the requirements of 28 U.S.C. § 636(b)(1) when it indicates that it gave "considerable deference to the magistrate's order." Ocelot Oil Corp. v. Sparro Indus., 847 F.2d 1458, 1464 (10th Cir. 1988). A district court need not, however, "make any specific findings; the district court must merely conduct a *de novo* review of the record." Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir. 2000). "[T]he district court is presumed to know that de novo review is required. Consequently, a brief order expressly stating the court conducted de novo review is sufficient." Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996)(citing In re Griego, 64 F.3d at 583-84). "[E]xpress references to de novo review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise." Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d 722, 724 (10th Cir. 1993). The Tenth

Circuit has held that a district court properly conducted a de novo review of a party's evidentiary objections when the district court's "terse" order contained one sentence for each of the party's "substantive claims" and did "not mention his procedural challenges to the jurisdiction of the magistrate to hear the motion." Garcia v. City of Albuquerque, 232 F.3d at 766. The Tenth Circuit has explained that brief district court orders that "merely repeat[] the language of § 636(b)(1) to indicate its compliance" are sufficient to demonstrate that the district court conducted a de novo review:

> It is common practice among district judges in this circuit to make such a statement and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis. We cannot interpret the district court's statement as establishing that it failed to perform the required de novo review.

In re Griego, 64 F.3d at 584.

Notably, because "Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations," United States v. Raddatz, 447 U.S. at 676 (emphasis omitted), a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," 28 U.S.C. § 636(b)(1). See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d at 724-25 (holding that the district court's adoption of the magistrate judge's "particular reasonable-hour estimates" is consistent with the de novo determination that 28 U.S.C. § 636(b)(1) and United States v. Raddatz require).

Where no party objects to the magistrate judge's proposed findings and recommended disposition, the Court has, as a matter of course and in the interests of justice, reviewed the magistrate judge's recommendations. In Pablo v. Soc. Sec. Admin., No. CIV 11-0132 JB/ACT, 2013 WL 1010401 (D.N.M. February 27, 2013)(Browning, J.), the Plaintiff failed to respond to

the magistrate judge's proposed findings and recommended disposition, and thus waived his right to appeal the recommendations, but the Court nevertheless conducted a review. 2013 WL 1010401, at *1, *4. The Court generally does not, however, "review the PF&RD de novo, because the parties have not objected thereto, but rather review[s] the recommendations to determine whether they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion." Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4. The Court, thus, does not determine independently what it would do if the issues had come before the Court first, when there is no objection, but rather adopts the proposed findings and recommended disposition where "'the Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.'" Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *3 (footnote and internal brackets omitted)(quoting Workheiser v. City of Clovis, No. CIV 12-0485 JB/GBW, 2012 WL 6846401, at *3 (D.N.M. December 28, 2012)(Browning, J.). See Alexandre v. Astrue, No. CIV 11-0384 JB/SMV, 2013 WL 1010439, at *4 (D.N.M. February 27, 2013)(Browning, J.)("The Court rather reviewed the findings and recommendations . . . to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. The Court determines that they are not, and will therefore adopt the PFRD."); Trujillo v. Soc. Sec. Admin., No. CIV 12-1125 JB/KBM, 2013 WL 1009050, at *5 (D.N.M. February 28, 2013)(Browning, J.)(adopting the proposed findings and conclusions, and noting: "The Court did not review the ARD de novo, because Trujillo has not objected to it, but rather reviewed the . . . findings and recommendation to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, which they are not."). This review, which is deferential to the magistrate judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the

waiver rule's intent than no review at all or a full-fledged review.  Accordingly, the Court considers this standard of review appropriate.  See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate.").  The Court is reluctant to have no review at all if its name is going at the bottom of the order and opinion adopting the magistrate judge's proposed findings and recommendations.

## ANALYSIS

**I.    THE COURT WILL OVERRULE THE DEFENDANTS' OBJECTIONS THAT JUDGE GARZA SHOULD HAVE ADOPTED ALL OF THE REQUESTED FINDINGS OF FACT.**

An objection must be both timely and "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." United States v. One Parcel of Real Prop., 73 F.3d 1057, 1060 (10th Cir. 1996).  When resolving objections to a Magistrate Judge's recommendation, the district judge must make a *de novo* determination regarding any part of the recommendation to which a party has properly objected.  See 28 U.S.C. § 636(b)(1)(C).  The Defendants do not cite any legal authority explaining why Judge Garza erred by not adopting all of their Requested Findings of Fact.  Further, the Defendants have not demonstrated why the Court must dismiss any of Rion's claims with prejudice if all of the Requested Findings of Fact are adopted.  The Defendants' arguments do not direct the Court's attention to a factual or legal issue that is truly in dispute. See United States v. One Parcel of Real Prop., 73 F.3d at 1060.  The Defendants' objections with regard to the credibility findings that Judge Garza made and with regard to the Defendants' Requested Findings of Fact are deficient and fail.  The Court will now address each specific objection in turn.

**II.  THE COURT WILL OVERRULE THE DEFENDANTS' OBJECTIONS TO JUDGE GARZA'S FINDINGS AND CONCLUSIONS ABOUT RION'S MALICIOUS PROSECUTION CLAIM.**

The Defendants object that the Court should dismiss the malicious prosecution claims against with prejudice, because Judge Garza made all credibility determinations in their favor, and that the Court should find that the Defendants did not plant evidence on Plaintiff or lie to the District Attorney.  See Objections at 2.

Rion alleges that several of the Defendants engaged in a conspiracy to ensure that he was charged and convicted of a crime. Judge Garza construed the allegations as asserting claims of malicious prosecution, which allegedly violated the prohibition of the procedural component of the Due Process Clause.  See McCarty v. Gilchrist, 646 F.3d 1281, 1285 (10th Cir. 2011). She explained that Rion cannot assert a § 1983 claim that, if successful, would imply the invalidity of a previous conviction or sentence unless he can demonstrate favorable termination of the underlying conviction or sentence. See Heck v. Humphrey, 512 U.S. 477, 487 (1994).  She reasoned that, because Rion's arguments of actual innocence would necessarily imply the invalidity of his sentences, his malicious prosecution claims are the ones that Heck v. Humphrey mandates should be pursued through a petition for habeas corpus and not through a § 1983 complaint.  Judge Garza found that Heck v. Humphrey bars all of Rion's malicious prosecution claims, and recommended that those claims be dismissed without prejudice. See Fottler v. United States, 73 F.3d 1064, 1065 (10th Cir. 1996)("When a § 1983 claim is dismissed under Heck, the dismissal should be without prejudice.").

The Defendants previously addressed only the malicious prosecution claims as unspecified *prima facie* torts brought under the New Mexico Tort Claims Act ("NMTCA").  See Defendants' Supplemental Memorandum at 13, filed October 25, 2013 (Doc. 65).  For the first

time, the Defendants make the argument that, if the Defendants' Requested Findings of Fact are adopted, the Court must dismiss the malicious prosecution claims with prejudice.  However, issues "raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996).  See United States v. Garfinkle, 261 F.3d 1030, 1030–31 (10th Cir. 2001). Because the Defendants make this argument for the first time, the objection is waived.

The Defendants also contend that Judge Garza made all credibility determinations in their favor, which requires the Court to find that Defendants did not plant evidence on Rion or lie to the District Attorney. See Objections at 2.  Judge Garza did not, however, make a global credibility finding in the Defendants' favor, and the Defendants cite no legal authority why this Court must adopt these findings.  They also do not demonstrate how such findings ultimately affect the outcome of the claims for malicious prosecution.  The Court's task is not to exonerate the Defendants; the Court's task is to resolve as fairly and impartially as possible, Rion's claim.

The Defendants have not pointed out any factual error or legal error in Judge Garza's analysis of the malicious prosecution claims under Heck v. Humphrey.  They also raise arguments for the first time through their Objections.  The Court concludes that Judge Garza conducted the proper analysis under Heck v. Humphrey, and correctly concluded that the Court should dismiss the malicious prosecution claims without prejudice.  See Fottler v. United States, 73 F.3d at 1065.  The Court overrules the Defendants' objections regarding the malicious prosecution claims.

### III. THE COURT OVERRULES THE DEFENDANTS' OBJECTIOSN TO JUDGE GARZA'S FINDINGS AND CONCLUSIONS ABOUT RION'S THEFT CLAIM.

The Defendants argue that the Court should dismiss Rion's claim of theft with prejudice, because Judge Garza made all credibility determinations in their favor, and the claim is time-barred. See Objections at 3.

In the Complaint, Rion alleges that the Defendants stole approximately $500.00 from him during his arrest. See Memorandum in Support of Prisoners Complaint at 3. Judge Garza characterized the claim as one brought under the Fourteenth Amendment to the Constitution of the United States for deprivation of property without due process, as well as under various state laws. See U.S. Const. amend. XIV, § 1. She concluded that Rion should first exhaust available state law remedies or demonstrate that those remedies are inadequate before asserting a § 1983 claim, and dismissed the claim without prejudice.

The Defendants argue that, because Judge Garza made all credibility determinations in their favor, the Court should find that Rion's testimony that the Defendants stole his money is not credible, and dismiss the deprivation of property claims with prejudice. For the same reasons that the Court explained earlier in this Memorandum Opinion and Order, the Court overrules that objection.

The Defendants also contend that the Court should dismiss this claim with prejudice, because it is time barred by the two-year statute of limitations under the NMTCA. See Objections at 3. The Defendants initially raised limitations as a defense in their answer, but, in their supplemental brief, stated that they abandoned the limitations defense as to all claims. See Defendants' Supplemental Memorandum at 16. This Court finds that the objection therefore has been waived, and, thus, the Court overrules the objection.

**IV.    THE COURT WILL SUSTAIN THE DEFENDANTS' OBJECTIONS TO JUDGE GARZA'S CONCLUSION REGARDING RION'S ALLEGATIONS OF DELIBERATE INDIFFERENCE TO HIS SERIOUS MEDICAL NEEDS.**

The Defendants object to Judge Garza's dismissal without prejudice of Rion's claims of deliberate indifference to his serious medical needs asserted against the Defendants in their official capacities.  The Defendants argue that, because Judge Garza found that the Defendants committed no underlying constitutional violation with regard to the claims brought against them in their individual capacities, the same claims cannot be sustained against them in their official capacities.  See Objections at 4.

Rion alleges that he was not given medical treatment immediately following his arrest, even though he had physical injuries.  See Complaint at 5.  Judge Garza characterized Rion's claims as allegations of deliberate indifference of a serious medical need under the Fourteenth Amendment, against the Defendants, in both their individual and official capacities.

The Defendants addressed only the claims brought against them in their individual capacities, construing them improperly as unspecified *prima facie* torts.  Judge Garza ultimately found that the medical evidence in the record undermined Rion's testimony and credibility, and recommended that the Court deny the claims brought against the Defendants in their individual capacities with prejudice.

Rion also sued the Defendants in their official capacities as law enforcement officers, but the Defendants never addressed those allegations.  Judge Garza determined that Rion failed to allege a custom or policy that resulted in the deprivation of his constitutional rights, as is required for a claim of deliberate indifference to a serious medical need against a law enforcement official in his official capacity.  See Monell v. Dep't of Soc. Serv. of New York,

436 U.S. 658, 690 (1978).  Judge Garza dismissed the claims without prejudice, because Rion had failed to adequately plead the claim.

The Defendants argue that, because Judge Garza found no underlying constitutional violation, the Court must dismiss the claims against them in their official capacities with prejudice.  Because Judge Garza concluded that Rion failed to state a claim against the Defendants, the Court will sustain the Defendants' objection and dismiss the claim with prejudice.  "'A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.'"  Castillo v. Durham Sch. Servs., LP, CIV 12-1040 JB/ACT, 2013 WL 3270451, at *6 (D.N.M. May 31, 2013)(Browning, J.)(quoting Brereton v. Bountiful City Corp., 434 F.3d 1213, 1219 (10th Cir.2006)).  Therefore, the Court sustains these objections to Judge Garza's PFRD.

## V.     THE COURT OVERRULES THE DEFENDANTS' OBJECTIONS TO RION'S CLAIM FOR PAIN AND SUFFERING AND MENTAL ANGUISH.

The Defendants next contend that, because Rion's allegations of pain and suffering and mental anguish flow from his claims for inadequate medical treatment and fear of abuse at the Defendants' hands, the Court should dismiss Rion's claim with prejudice.  The Defendants also argue that, if Rion were to pursue these claims against the Defendants under state law, they would be time-barred by the applicable statute of limitations under the NMTCA.

Judge Garza analyzed Rion's claims for "pain and suffering," and "mental anguish," and found that they are not cognizable constitutional claims.  She recommended dismissal of those claims without prejudice.  The Defendants addressed Rion's pain and suffering and mental anguish only as harms suffered as a result of other *prima facie* torts allegedly committed by the Defendants.  The Defendants never requested that the Court dismiss these claims, with or without prejudice, and also abandoned their limitations defense. See Objections at 3.

The Court finds that the Defendants raise new legal arguments, or arguments that they have previously waived, and therefore overrules this objection.

## VI.     THE COURT OVERRULES THE DEFENDANTS' OBJECTIONS TO JUDGE GARZA'S CONCLUSIONS IN RION'S CONFRONTATION CLAUSE CLAIM.

The Defendants argue that the Court should also dismiss with prejudice the claims against them with regard to violations of the Confrontation Clause.  The Defendants contend that the claim is more appropriate for a habeas petition, and that Rion waived the constitutional right to assert the claim when he entered into a plea agreement in the underlying criminal case.

Rion alleges that the Defendants violated the Confrontation Clause of the Sixth Amendment to the Constitution of the United States, because he was never allowed to confront the confidential informant who assisted law enforcement in his arrest and capture.  See Memorandum in Support of Prisoners Complaint at 4; Plaintiff's Response to Defendant's Supplemental Memorandum at 7-8, filed November 7, 2013 (Doc. 66).  Judge Garza dismissed the claim without prejudice, because Rion did not assert any facts against the Defendants that would demonstrate that they impeded his right to confront the confidential informant in violation of his constitutional rights.  She also noted that Rion waived his right to trial and that such a claim is more appropriate for a petition for habeas corpus relief, rather than as a § 1983 claim. See Schmaltz v. Roesink, 2009 U.S. Dist. LEXIS 16828, *12-13 (D. Colo. 2008).  Judge Garza found that Rion failed to state a valid claim against the Defendants and recommended that the Court dismiss the claim without prejudice.

The Defendants failed to address this claim at all until they filed their Objections and for the first time make arguments why the Court should dismiss the claim with prejudice.  The Court therefore finds that the Defendants waived these objections and overrules the objections.

**IT IS ORDERED** that: (i) the Honorable Carmen E. Garza, United States Magistrate Judge's Proposed Findings and Recommended Disposition, filed January 30, 2014 (Doc. 71) are adopted; (ii) Plaintiff Billy Rion's claims against Defendants Anthony Medrano, Donnie Hix, Broderick Sharp, Christian Erb, Todd James, and Lance Longhi that they effectuated an unreasonable search and seizure by crashing into Rion's car be dismissed with prejudice; (iii) Rion's claims against Defendants Medrano, Hix, and Gordon for malicious prosecution be dismissed without prejudice; (iv) Rion's claims against the Defendants for deprivation of property without due process of law be dismissed without prejudice; (v) Rion's claims against the Defendants, in their individual capacities, for being deliberately indifferent to his serious medical needs in violation of the Fourteenth Amendment to the Constitution of the United States of America be dismissed with prejudice; (vi) Rion's claims against the Defendants, in their official capacities, for being deliberately indifferent to his serious medical needs in violation of the Fourteenth Amendment be dismissed with prejudice; (vii) Rion's claims against Medrano, Sharp, Erb, James, and Longhi for using unreasonable or excessive force in violation of his Fourth Amendment to the Constitution of the United States and due-process rights be dismissed with prejudice; (viii) Rion's claim for "pain and suffering" and "mental anguish" be dismissed without prejudice; (ix) Rion's request for a restraining order be denied; (x) Rion's claims against the Defendants for violating the Confrontation Clause of the Sixth Amendment to the Constitution of the United States be dismissed without prejudice; (xi) Rion's claims against the Defendants for violating his rights under the Thirteenth Amendment to the Constitution of the United States be dismissed with prejudice; (xii) Rion's claims in his Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed March 28, 2011 (Doc. 1), in the Addendum to Original Complaint and Request to Appoint Attorney, filed April 7, 2011 (Doc. 5), in the Memorandum in

Support of Prisoners Complaint, filed April 7, 2011 (Doc. 6), and any remaining claims, to the extent that they exist, be dismissed pursuant to the recommendations made in the PFRD.

                                                _____
                                                UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

Billy Rion
Lea County Correctional Facility
Hobbs, New Mexico

       *Plaintiff pro se*

Bryan C Garcia
Carlos E Sedillo
Henry F. Narvaez
Narvaez Law Firm, P.A.
Albuquerque, New Mexico

       *Attorneys for the Defendants*